UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD HUMPHREY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09CV42 JCH |
| ) | |
| DONALD ROPER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Donald Humphrey's pro se amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On June 8, 2005, the Honorable Michael B. Calvin of the Circuit Court of the City of St. Louis, Missouri, found Petitioner guilty of one count of trafficking drugs in the second degree, and one count of unlawful possession of drug paraphernalia. On September 1, 2005, Petitioner was sentenced as a persistent drug offender and a persistent felony offender, to concurrent terms of twenty years and one year, respectively. Petitioner's convictions and sentence were affirmed on appeal. State v. Humphrey, 201 S.W.3d 67 (Mo. App. 2006). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. 7, PP. 36-39). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Humphrey v. State, 262 S.W.3d 687 (Mo. App. 2008).

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. In his amended petition for writ of habeas corpus, Petitioner claims his trial counsel was

ineffective for failing to make a continuing objection to evidence regarding an anonymous informant's out-of-court statement that an African American male wearing a black hat and blue shirt was standing at a specific location selling drugs. Petitioner contends that the admission of the informant's statement constituted inadmissible hearsay and violated the Confrontation Clause. (Amended § 2254 Petition (Doc. No. 12), PP. 4-5).

## DISCUSSION

On direct appeal of his convictions, Petitioner asserted the trial court plainly erred in allowing two police officers to testify regarding statements made to a 911 dispatcher by an anonymous caller, who did not testify at trial. (Resp. Exh. 3, P. 9). The Missouri Court of Appeals affirmed the ruling of the trial court. (Resp. Exh. 5). In his 29.15 post-conviction motion, Petitioner claimed his trial counsel was ineffective for objecting to the testimony solely on hearsay grounds, rather than both hearsay and Confrontation Clause grounds, and for failing to make his objection continuing. (Resp. Exh. 7, PP. 27-31). The post-conviction motion court denied the claim as follows:

CONCLUSIONS OF LAW

2. The only claim in movant's[1] amended motion is that his attorney was ineffective for failing to object to hearsay testimony from an anonymous tipster. Movant notes that counsel objected during police officer Keisker's testimony but failed to object when police officer Callmeyer testified to the same statements. Movant contends the statements were inadmissible hearsay and that they were testimonial in nature and violated the Confrontation Clause.

Defense counsel objected on hearsay grounds when Mark Keisker testified that he received a call for a suspicious person selling drugs, he drove to the location referenced and he saw a black male standing in front of the location wearing a black baseball cap. The prosecuting attorney said the testimony was used to explain the officer's subsequent conduct, and the Court

---

[1]Petitioner is referred to as "movant" by the post-conviction motion court.

overruled the objection. Kenneth Callmeyer testified in a similar manner without objection. The Order of the Court of Appeals states that movant argued on appeal that the admission of the testimony was error and plain error because the statements were hearsay, and that the Court of Appeals found no error in the trial court's ruling. Movant's claim is therefore without merit.

This Court further finds that the statements did not constitute testimonial hearsay such that their admission violated the Confrontation Clause pursuant to the Supreme Court's ruling in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). The statements did not constitute hearsay at all because they were offered not to prove any relevant facts at trial but were admitted solely to explain the officer's conduct without regard to whether the statements by the anonymous caller were true.

(Resp. Exh. 7, PP. 37-38). Petitioner advanced the claim on appeal from the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

In his sole point on appeal, Humphrey argues that his trial counsel ("Counsel") was ineffective in failing to properly object to testimony of two investigating police officers who referred to an informant's out-of-court statement that a man wearing a black hat and blue shirt was standing at a specific location selling drugs. In particular, although Counsel initially objected based on hearsay to the testimony of Officer Mark Keisker about the informant's statement, Counsel did not request that his objection be continuing. Humphrey further complains that Counsel did not make any objection when Officer Kenneth Callmeyer testified about the statement. According to Humphrey, admission of the informant's statement constituted inadmissible hearsay and violated his right to confrontation.

To demonstrate ineffective assistance of counsel, Humphrey must show that Counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and he was thereby prejudiced. *Cole*, 152 S.W.3d at 268; *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Prejudice occurs if Humphrey can show a reasonable probability that, but for Counsel's errors, the result of the proceedings would have been different. *Cole*, 152 S.W. 3d at 268.

In its findings and conclusions, the motion court found that Humphrey's claims were without merit because, on direct appeal, this Court reviewed Humphrey's arguments and found no error in the admission of the informant's statement. We agree. Generally, defense counsel will not be found ineffective for failing to object when no valid objection could be made.

- 3 -

*State v. Hamilton*, 892 S.W.2d 371, 377 (Mo. App. E.D. 1995).  While an out-of-court statement offered to prove the truth of the matter asserted is hearsay, testimony about an out-of-court statement is admissible and not considered hearsay where the statement is used to explain subsequent police conduct and to supply background and continuity.  *State v. Baker*, 23 S.W.3d 702, 715 (Mo. App. E.D. 2000).  In its order discussing Humphrey's direct appeal, it is clear that this Court already reviewed and disagreed with Humphrey's claim that the informant's statement amounted to inadmissible hearsay.  *See State v. Humphrey*, 201 S.W.3d 67 (Mo. App. E.D. 2006) (finding no error of law despite trial court's admission of the informant's statement as evidence of subsequent police conduct).

Relying on *Kenner v. State*, 709 S.W.2d 536 (Mo. App. E.D. 1986), Humphrey argues that despite this Court's finding of no error on direct appeal, he may still be entitled to relief based on Counsel's failure to preserve his objections for review.  In doing so, Humphrey misstates our reasoning in *Kenner*.  In that case, we considered whether the movant was entitled to post-conviction relief based on his counsel's failure to object to evidence of uncharged crimes after recognizing that on direct appeal we found that counsel's actions did not amount to *plain* error.  *Id.* at 538.  Significantly, although we did not revisit our conclusion that no plain error occurred, admission of the evidence was still prejudicial error.  *Id.* at 540.  Because the movant's trial counsel allowed the prejudicial evidence to be admitted without objection, leaving this Court with only plain error review on direct appeal, we noted that a different result could have been obtained if the movant's counsel had provided effective counsel.  *Id.* at 541.  Thus, we granted the movant's post-conviction motion.  *Id.*

Unlike in *Kenner*, we were not constrained to only review the admission of the informant's statement for plain error.  *See Humphrey*, 201 S.W.3d at 67.  Further, we specifically found no error of law after our review of the record.  *Id.*  Where a plain error point is reviewed on direct appeal and the appellate court concludes that no *error* occurred, the issue cannot be relitigated in a post-conviction proceeding.  *Shifkowski v. State*, 136 S.W.3d 588, 591 (Mo. App. S.D. 2004).  Thus, Humphrey cannot relitigate his claim that the informant's statement amounted to inadmissible hearsay in this Rule 29.15 proceeding.

Humphrey also argues that the motion court erred in finding that his right to confrontation was not violated.  He cites *Crawford v. Washington*, 541 U.S. 36, 68 (2004), which requires an out-of-court witness to be both unavailable and subject to confrontation in order to admit the witness's "testimonial hearsay" statements at trial.  Humphrey contends that because a

judge, rather than a jury, was the trier-of-fact, it was not necessary for the State to explain the police officers' subsequent conduct so that the informant's statement could only be offered to prove the truth of the matter asserted. Consequently, Humphrey argues that the informant's statement amounted to testimonial hearsay. Since Humphrey was not able to confront the informant, he asserts that admission of the statements thus violated his right to confrontation under *Crawford*.

We note that the Court in *Crawford* did not decide specifically which hearsay statements are considered "testimonial." 541 U.S. at 68. However, even assuming that the informant's statement would otherwise be considered "testimonial" if offered for the truth of the matter asserted, the informant's statement was not offered for its truth. Humphrey cites no supporting authority for his argument that otherwise admissible statements setting the context for an officer's actions become inadmissible hearsay when a defendant is tried only by a judge. Accordingly, because the informant's statement was not admitted for its truth, admission of the statement did not implicate the Confrontation Clause. *See Edwards v. State*, 200 S.W.3d 500, 512 (Mo. banc 2006).

The motion court did not clearly err in finding that Counsel was not ineffective in failing to object or perfect an objection to the admission of the informant's out-of-court statement. Humphrey's point is denied.

(Resp. Exh. 10, PP. 2-5).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds that with his claim, Petitioner fails to demonstrate his attorney's performance was deficient under Strickland. Specifically, as noted above, the Missouri Court of Appeals affirmed the propriety of the trial court's admission of two police officers' testimony regarding an informant's out-of-court statement. That ruling was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. With respect to Petitioner's hearsay claim, under federal law, statements by an out-of-court declarant offered to prove the truth of the matter asserted generally are inadmissible as hearsay. See Fed.R.Evid. 801. "An out-of-court statement, however, is not hearsay if it is offered for the limited purpose of explaining why a police investigation was undertaken." Estes v. Rowley, 2009 WL 2905955 at *4 (E.D. Mo. Sep. 8, 2009) (citing United States v. Brown, 923 F.2d 109, 111 (8th Cir. 1991)). In this case, the officers'

testimony regarding the information provided in the 911 call merely explained their decision to drive to Petitioner's location in the first instance. (Resp. Exh. 1, PP. 10-11, 27-28). Any objection based on hearsay thus would necessarily have been overruled, and trial counsel may not be held ineffective for failing to raise meritless claims. Estes, 2009 WL 2905955 at *4 (citing Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991)).

With respect to Petitioner's Confrontation Clause claim, "the Confrontation Clause 'does not bar the use of testimonial statements for [] purposes other than establishing the truth of the matter asserted.'" Estes, 2009 WL 2905955 at *5 (quoting Crawford v. Washington, 541 U.S. 36, 59 n. 9 (2004)). As explained above, the statements at issue here were offered not for their truth, but to explain subsequent police conduct. Any objection based on the Confrontation Clause thus would have been meritless as well, and so Petitioner is not entitled to habeas relief on the sole ground raised in his petition.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 12) is **DENIED**, and his claim is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>26th</u> day of October, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE